UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLINT PHILLIPS, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:25-cv-00483-ACL |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is before the Court upon the motion of Plaintiff Clint Phillips, III, for leave to proceed *in forma pauperis*, or without prepayment of fees and costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee. *See* 28 U.S.C. § 1915(a)(1). However, based on a review of the Complaint filed in this matter, the Court will direct Plaintiff to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction.

### Plaintiff's Background

Plaintiff is a frequent *pro se* and *in forma pauperis* litigator in this Court. He has filed more than 70 cases here since 2010. Plaintiff was incarcerated for a period of time in 2024, during which he acquired "three strikes" under 28 U.S.C. § 1915(g). However, Plaintiff was not incarcerated at the time of filing the instant case and therefore, § 1915(g) does not apply here.

Plaintiff brings this civil action against the United States. He has filed at least six prior civil actions against the United States in this Court, all of which were dismissed before any process issued. *See Phillips v. United States, et al.*, No. 4:23-cv-01442-CDP (E.D. Mo. 2023) (dismissed Mar. 12, 2024 under 28 U.S.C. § 1915(e)(2)(B) as frivolous)*; Phillips v. United States, et al.*, No.

4:23-cv-01209-SPM (E.D. Mo. 2023) (dismissed Nov. 13, 2023 under Local Rule 2.06(B) after mail returned undeliverable); *Phillips v. United States*, No. 4:21-cv-00723-AGF (E.D. Mo. 2021) (dismissed Nov. 17, 2021 under Fed. R. Civ. P. 41(b)); *Phillips v. United States*, No. 4:21-cv-00692-SRC (E.D. Mo. 2021) (dismissed Oct. 15, 2021 under 28 U.S.C. § 1915(e)(2)(B) for lack of jurisdiction); *Phillips v. United States*, No. 4:18-cv-00611-JCH (E.D. Mo. 2018) (dismissed July 20, 2018 under 28 U.S.C. § 1915(e)(2)(B) for lack of jurisdiction) (aff'd on appeal Jan. 4. 2019); *Phillips v. United States*, No. 4:14-cv-00316-RWS (E.D. Mo. 2014) (dismissed Feb. 21, 2014 under 28 U.S.C. § 1915(e)(2)(B) for lack of jurisdiction).

### The Complaint

Plaintiff initiated this civil action on April 9, 2025, naming the United States as the only defendant. ECF No. 1 at 1-2, 8. He alleges the basis for federal jurisdiction as "Title 28 U.S.C. § 2680(a)." *Id.* at 3. He states that he seeks a "waiver of sovereign immunity," clarifying that he is "not making a claim under Title 38 U.S.C. for Veterans Benefits but under Title 28 U.S.C. § 2680(a)." Plaintiff seeks relief for "Medical malpractice" and "Negligence" which he argues are "both cognizable under the FTCA." *Id.* at 6. Plaintiff explains the factual basis for his case as follows:

> In 2015 I made two consecutive claims; one under Title 38 U.S.C. § 1151 for Erectile Dysfunction caused by negligently administered medicine with no informed consent, and a standard form 95 for compensation for a disability (Erectile Dysfunction) as a breach for the standard of care, in response I was told that I was not service connected, and that it was 2 years from the time that I initially knew it although I was not yet diagnosed with ED.  So later here recently when I became[] diagnosed with ED under § 1151 (Title 38 U.S.C.), I filed another SF 95 requesting damages for negligence and malpractice to be told I knew back in 2015 when I first filed and denied administratively but this time I have the actual diagnosis and I am coming against the United States because of the VA's denial of an administrative tort claim, a valid one which has caused me a debilitating disability.

*Id.* (underlining in original).

In support of his claim, Plaintiff cites to *Ortiz v. U.S. ex rel. Evans Army Cmty. Hosp.*, 786 F.3d 817 (10th Cir. 2015), explaining that his case is "comparable" to this one because Plaintiff "was also caused a disability through negligently administered medication." *Id.* at 7.

Plaintiff seeks compensatory and general damages. *Id.*

**Plaintiff's Prior Equivalent Case**

Plaintiff states on his Original Filing Form that this is the "same cause, or a substantially equivalent complaint" as was previously filed, but he "do[esn't] know" the case number of the earlier case. ECF No. 1-2. Based on a review of Plaintiff's extensive case filings with this Court, it appears that he is attempting to bring the same allegations as his 2021-filed case *Phillips v. United States*, No. 4:21-cv-00723-AGF (E.D. Mo. 2021). In that case, Plaintiff similarly alleged federal jurisdiction based on "Title 28 U.S.C. §§ 2671-2680." He stated, in part, that a doctor diagnosed him with erectile dysfunction (ED) in December 2015 and told him that the disorder was a side effect of medication he had taken and was currently taking. As a result, Plaintiff states that he filed a claim under Title 38 U.S.C. § 1151. However, his allegations are confusing as to the timing of his claim filing because Plaintiff further states:

> When I filed this claim two years before there was an actual diagnosis which was 12/17, this is when I knew that I had disabilities that were caused by medication and my statute of limitations started. I filed a tort claim in 2018 well within the two-year time period required under the FTCA. Originally Elizabeth Martin was the VA investigator that originally denied this legitimate and valid claim based on somehow receiving misconstrued information, and because of this she reset my statute of limitations and it began 1/20 and she said she would respond by February 2020 which she did not.

*Phillips v. United States*, No. 4:21-cv-00723-AGF, ECF No. 1 at 6.

In this earlier action, the Court issued a show cause order on October 20, 2021, directing Plaintiff to explain why the case should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)

3

and for lack of jurisdiction. *Id.* at ECF No. 7. After Plaintiff failed to respond to that Court Order, the case was dismissed under Federal Rule of Civil Procedure 41(b). *Id.* at ECF No. 8.

## Discussion

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). The Court has the duty to determine its jurisdiction and raise the issue of subject matter jurisdiction *sua sponte*, if necessary. *See City of Kansas City, Mo. v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010). The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

In this case, Plaintiff names the United States as the sole defendant; however, the doctrine of sovereign immunity prevents Courts from exercising subject matter jurisdiction over the United States. *See Iverson v. United States*, 973 F.3d 843, 846 (8th Cir. 2020) ("Generally, sovereign immunity prevents the United States from being sued without its consent.") (citing *Hinsley v. Standing Rock Child Protective Servs.*, 516 F.3d 668, 671 (8th Cir. 2008) (stating that "[i]t is well settled that the United States may not be sued without its consent")).

"To sue the United States, [a plaintiff] must show both a waiver of sovereign immunity and a grant of subject matter jurisdiction." *V S Ltd. P'ship v. Dep't of Hous. and Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000). Although Plaintiff asserts that the United States has waived its immunity through certain exemptions of the Federal Tort Claims Act (FTCA), he has misinterpreted the exceptions to tort liability under 28 U.S.C. § 2680. Section 2680 describes situations in which the United States *cannot be held liable* under the FTCA. In particular, § 2680(a) prohibits suits under the FTCA for "[a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation … or

based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency." If the Court accepts Plaintiff's statement that § 2680(a) applies here, then the FTCA would not provide a waiver of immunity for the United States and this case would be subject to dismissal for lack of jurisdiction.

Granting self-represented Plaintiff some leeway and construing his Complaint as alleging that the FTCA removes the sovereign immunity of the United States, this case is still subject to dismissal. *See White v. United States*, 959 F.3d 328, 332 (8th Cir. 2020) (explaining that the "FTCA waives sovereign immunity and allows the government to be held liable for negligent or wrongful acts by federal employees committed while acting within the scope of their employment"). Plaintiff states that he filed two claims in 2015, one under 38 U.S.C. § 1151 and a "standard form 95." ECF No. 1 at 6. The 'Standard Form 95' is used to present claims under the FTCA. *See White v. Hopkins*, No. 1:23-cv-00208, 2024 WL 3272931, at *4 (E.D. Mo. 2024). The Court will assume, without deciding, that Plaintiff exhausted his administrative remedies by filing a tort claim pursuant to the FTCA against an agency of the United States and that the claim was finally denied by the agency in writing – a prerequisite to filing a suit in this Court under the FTCA. *See* 28 U.S.C. § 2675(a).

Even assuming Plaintiff properly exhausted his FTCA claim, the evidence clearly indicates that Plaintiff did not file his action in this Court in a timely manner. Plaintiff was required to initiate this action within six months of his final agency decision. *See* 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."). The statute of limitations provision in §

5

2401(b) has been narrowly construed, and a plaintiff must both file his administrative claim within two years after accrual of the claim **and** file his action in the District Court within six months of the agency's final action for jurisdiction to be proper. *See Barnes v. United States*, 776 F.3d 1134, 1142 (10th Cir. 2015); *Ellison v. United States*, 531 F.3d 359, 361 (6th Cir. 2008).

Although Plaintiff does not state the exact date of his final agency decision, he must have received the denial decision before filing his equivalent action in 2021. As such, it is not possible for this case to have been filed within six months of a pre-2021-issued agency decision. As such, this Court lacks jurisdiction over this time-barred action. *See Lehman v. United States*, 154 F.3d 1010, 1015 (9th Cir. 1998) (affirming dismissal of FTCA action as time-barred when plaintiff filed it "well beyond the six months" allowed in § 2401(b)).

As for Plaintiff's citation to *Ortiz v. U.S. ex rel. Evans Army Cmty. Hosp.* in support of his claim, the Court finds this case unpersuasive. In *Ortiz*, the Tenth Circuit Court affirmed a district court dismissal for lack of subject matter jurisdiction of a FTCA claim of negligence, based on complications during childbirth of an active-duty servicewoman. 786 F.3d at 818. The Court relied on the Supreme Court's decision in *Feres v. United States*, 340 U.S. 135, 146 (1950), which found that military service members are barred from bringing claims against the government under the FTCA for injuries "incident" to their military service. The Court cannot discern how this case would provide any support for Plaintiff's claim here. Plaintiff states that the case is "comparable" because he was "also caused a disability through negligently administered medication." ECF No. 1 at 7. However, to the extent that Plaintiff is arguing that his ED was "incident" to his military service, the *Feres* doctrine would bar his claim. *See also Beck v. United States*, 125 F.4th 887 (8th Cir. 2025) (affirming district court's dismissal for lack of subject matter jurisdiction, finding *Feres* precluded wrongful death claim of active servicemember). Regardless, the Court need not analyze

6

whether Plaintiff's allegations here constitute an injury "incident" to his military service because this FTCA claim is time-barred.

For all these reasons, Plaintiff's FTCA claim here appears to be time-barred and subject to dismissal. As such, the Court will require Plaintiff to show cause as to why this action should be dismissed for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED** and the filing fee is waived. *See* 28 U.S.C. § 1915(a).

**IT IS FURTHER ORDERED** that Plaintiff must show cause no later than **21 days** from the date of this Order**, that is not later than August 19, 2025**, as to why this action should not be dismissed for lack of subject matter jurisdiction.

**Plaintiff's failure to timely comply with this Order will result in the dismissal of this action, without prejudice and without further notice.**

Dated this  29th  day of July, 2025.

> s/*Abbie Crites-Leoni*
> ABBIE CRITES-LEONI
> UNITED STATES MAGISTRATE JUDGE