UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLINT PHILLIPS, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:25-cv-00483-CMS |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Clint Phillips, III initiated this action in April 2025 against the United States for relief under the Federal Tort Claims Act (FTCA). ECF No. 1. In July, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis* and waived the filing fee. ECF No. 5. However, upon review of Plaintiff's Complaint, the Court ordered Plaintiff to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction and specifically, to clarify whether his FTCA claim is time-barred. *Id.* Subsequently, Plaintiff filed two documents that appear to be in response to the Court's Show Cause Order. *See* ECF Nos. 6-7. Based on a review of all of Plaintiff's pleadings, the Court finds that this case must be dismissed for lack of subject matter jurisdiction.

**Background**

**I.    The Complaint**

Plaintiff brings this civil action against the United States, alleging that the Court has federal jurisdiction based on "Title 28 U.S.C. § 2680(a)." ECF No. 1 at 1-3. He asserts a "claim for waiver of sovereign immunity," clarifying that he is "not making a claim under Title 38 U.S.C. for Veterans Benefits but under Title 28 U.S.C. § 2680(a)." *Id.* at 6 (underlining removed).

Specifically, he seeks relief for "Medical malpractice" and "Negligence" which he argues are "both cognizable under the FTCA." *Id.* at 6.  In his own words, Plaintiff explains the factual basis of his case as follows:

> In 2015 I made two consecutive claims; one under Title 38 U.S.C. § 1151 for Erectile Dysfunction caused by negligently administered medicine with no informed consent, and a standard form 95 for compensation for a disability (Erectile Dysfunction) as a breach for the standard of care, in response I was told that I was not service connected, and that it was 2 years from the time that I initially knew it although I was not yet diagnosed with ED.  So later here recently when I became[] diagnosed with ED under § 1151 (Title 38 U.S.C.), I filed another SF 95 requesting damages for negligence and malpractice to be told I knew back in 2015 when I first filed and denied administratively but this time I have the actual diagnosis and I am coming against the United States because of the VA's denial of an administrative tort claim, a valid one which has caused me a debilitating disability.

*Id.*

In support of his claim, Plaintiff cites to *Ortiz v. U.S. ex rel. Evans Army Cmty. Hosp.*, 786 F.3d 817 (10th Cir. 2015), explaining that his case is "comparable" to this one because Plaintiff "was also caused a disability through negligently administered medication." *Id.* at 7.

For relief, Plaintiff seeks compensatory and general damages.  *Id.*

**II.     Plaintiff's Litigation History with the Court**

Plaintiff is a frequent *pro se* and *in forma pauperis* litigator in this Court.  He has filed more than seventy cases here since 2010.  Plaintiff was incarcerated for a period of time in 2024, during which he acquired "three strikes" under 28 U.S.C. § 1915(g).  However, Plaintiff was not incarcerated at the time of filing the instant case and therefore, § 1915(g) does not apply here.

At least six of Plaintiff's prior civil actions in this Court were filed against the United States, and all were dismissed before any process issued.  *See Phillips v. U.S., et al.*, No. 4:23-cv-01442-CDP (E.D. Mo. 2023) (dismissed Mar. 12, 2024 under 28 U.S.C. § 1915(e)(2)(B) as frivolous)*; Phillips v. U.S., et al.*, No. 4:23-cv-01209-SPM (E.D. Mo. 2023) (dismissed Nov. 13,

2023 under Local Rule 2.06(B) after mail returned undeliverable); *Phillips v. U.S.*, No. 4:21-cv-00723-AGF (E.D. Mo. 2021) (dismissed Nov. 17, 2021 under Fed. R. Civ. P. 41(b)); *Phillips v. U.S.*, No. 4:21-cv-00692-SRC (E.D. Mo. 2021) (dismissed Oct. 15, 2021 under 28 U.S.C. § 1915(e)(2)(B) for lack of jurisdiction); *Phillips v. U.S.*, No. 4:18-cv-00611-JCH (E.D. Mo. 2018) (dismissed July 20, 2018 under 28 U.S.C. § 1915(e)(2)(B) for lack of jurisdiction) (aff'd on appeal Jan. 4, 2019); *Phillips v. U.S.*, No. 4:14-cv-00316-RWS (E.D. Mo. 2014) (dismissed Feb. 21, 2014 under 28 U.S.C. § 1915(e)(2)(B) for lack of jurisdiction).

In this case, Plaintiff states on his Original Filing Form that this is the "same cause, or a substantially equivalent complaint" as was previously filed, but he "do[es]n't know" the case number of the earlier case. ECF No. 1-2. Based on a review of Plaintiff's extensive case filings with this Court, it appears that he is attempting to bring the same allegations as his 2021-filed case *Phillips v. United States*, No. 4:21-cv-00723-AGF (E.D. Mo. 2021).[1] In that case, Plaintiff similarly asserted federal jurisdiction based on "Title 28 U.S.C. §§ 2671-2680," alleging that a doctor diagnosed him with erectile dysfunction (ED) in December 2015 and told him that the disorder was a side effect of medication he had taken and was currently taking. As a result, Plaintiff filed a claim under Title 38 U.S.C. § 1151. However, Plaintiff's allegations are confusing as to the timing of his claim filing because Plaintiff further states:

> When I filed this claim two years before there was an actual diagnosis which was 12/17, this is when I knew that I had disabilities that were caused by medication and my statute of limitations started. I filed a tort claim in 2018 well within the two-year time period required under the FTCA. Originally Elizabeth Martin was the VA investigator that originally denied this legitimate and valid claim based on somehow receiving misconstrued information, and because of this she reset my statute of limitations and it began 1/20 and she said she would respond by February 2020 which she did not.

---

[1] This Court takes judicial notice of this record. *See Cravens v. Smith*, 610 F.3d 1019, 1029 (8th Cir. 2010) (quoting *In re Papatones*, 143 F.3d 623, 624 n. 3 (1st Cir. 1998) ("The court may take judicial notice of its own orders and of records in a case before the court.")); *United States v. Morris*, 451 F.2d 969, 972 (8th Cir. 1971) (The district court may take judicial notice of its own records).

*Phillips v. U.S.*, No. 4:21-cv-00723-AGF, ECF No. 1 at 6.

In this earlier action that also involved a FTCA claim based on ED, the Court issued a Show Cause Order directing Plaintiff to explain why the case should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and for lack of jurisdiction. *Id.* at ECF No. 7. After Plaintiff failed to respond to that Court Order, the case was dismissed under Federal Rule of Civil Procedure 41(b). *Id.* at ECF No. 8.

Similarly, in this case, the Court issued an Order on July 29, 2025, examining the allegations of Plaintiff's Complaint, discussing how any asserted FTCA claim appears time-barred, and directing Plaintiff to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. ECF No. 5.

### III. Plaintiff's Response to the Show Cause Order

Since the issuance of the Court's Show Cause Order, Plaintiff has filed two documents titled "Caselaw in support of FTCA Claim against United States under Title 28 U.S.C. § 2680(a)" and "Caselaw in support of Summary Judgement." ECF Nos. 6-7.[2] These documents consist mostly of legal case citations and a recitation of their alleged holdings, and in some cases, some factual background on the case. *Id.* However, Plaintiff never explains how these case holdings are applicable to the timeliness of his FTCA claim. The only information that the Court can discern as relevant to this issue is in Plaintiff's closing on his first filing, where he states in part:

> note: April 19, 2023 was the beginning of the statute of limitations for this particular case of the (FTCA), with it ending April 19, 2025. I filed a timely claim as of September 26, 2023, within two years after diagnosis of disability and a lack of informed consent that constitutes negligence.

---

[2] The Court notes that Plaintiff's second responsive filing included two case numbers in the caption, and as such, this filing was also docketed in another one of Plaintiff's pending cases in this Court against the United States. *See Phillips v. U.S.*, No. 4:25-cv-01246-JMD, ECF No. 5 (E.D. Mo. 2025). In this other case, Plaintiff alleges violations by Veterans Administration police officers. These allegations explain why such officers are discussed in this filing, but Plaintiff never explains how this is relevant to the instant case. *See* ECF No. 7 at 2-3.

ECF No. 6 at 4.

## Discussion

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). The Court has the duty to determine its jurisdiction and raise the issue of subject matter jurisdiction *sua sponte*, if necessary. *See City of Kansas City, Mo. v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010). The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

### I. Sovereign Immunity of Defendant United States

In this case, Plaintiff names the United States as the sole defendant; however, the doctrine of sovereign immunity prevents Courts from exercising subject matter jurisdiction over the United States. *See Iverson v. U.S.*, 973 F.3d 843, 846 (8th Cir. 2020) ("Generally, sovereign immunity prevents the United States from being sued without its consent."). "To sue the United States, [a plaintiff] must show both a waiver of sovereign immunity and a grant of subject matter jurisdiction." *V S Ltd. P'ship v. Dep't of Hous. and Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

Although Plaintiff here asserts that the United States has waived its immunity through certain exemptions of the Federal Tort Claims Act (FTCA), he has misinterpreted the exceptions to tort liability under 28 U.S.C. § 2680. Section 2680 describes situations in which the United States *cannot be held liable* under the FTCA. In particular, § 2680(a) prohibits suits under the FTCA for "[a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation … or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a

federal agency." Therefore, if the Court accepts Plaintiff's statement that § 2680(a) applies to this case, then the FTCA would not provide a waiver of immunity for the United States and this case would be subject to dismissal for lack of jurisdiction.

## II. FTCA Claim is Time-Barred

However, even granting self-represented Plaintiff some leeway and construing his Complaint as alleging that the FTCA eliminates the sovereign immunity of the United States, this case is still subject to dismissal. *See White v. United States*, 959 F.3d 328, 332 (8th Cir. 2020) (explaining that the "FTCA waives sovereign immunity and allows the government to be held liable for negligent or wrongful acts by federal employees committed while acting within the scope of their employment").

Before filing a suit in this Court under the FTCA, a plaintiff must exhaust his administrative remedies by first presenting the claim to the appropriate federal agency and receiving a final agency decision denying the claim in writing. 28 U.S.C. § 2675(a). A plaintiff then has six months from the date of the final agency decision to initiate a civil action in federal court. 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."). The statute of limitations provision in § 2401(b) has been narrowly construed to mean that a plaintiff must file both his administrative claim within two years after accrual of the claim **and** file his action in the District Court within six months of the agency's final action, for jurisdiction to be proper. *See Barnes v. United States*, 776 F.3d 1134, 1142 (10th Cir. 2015); *Ellison v. United States*, 531 F.3d 359, 361 (6th Cir. 2008).

In his Complaint, Plaintiff states that he filed two claims in 2015, one under 38 U.S.C. § 1151 and a "standard form 95." ECF No. 1 at 6. The 'Standard Form 95' is used to present claims under the FTCA. *See White v. Hopkins*, No. 1:23-cv-00208, 2024 WL 3272931, at *4 (E.D. Mo. 2024). In his "substantially equivalent" 2021 case, Plaintiff states that he was diagnosed with ED in December 2015, and he filed a tort claim in 2018. *Phillips v. U.S.*, No. 4:21-cv-00723-AGF, ECF No. 1 at 6. Finally, in his response to the Show Cause Order, Plaintiff states that he "filed a timely claim" on September 26, 2023. ECF No. 6 at 4. Plaintiff never states the date of any final agency decision(s) that he received after filing an agency claim; however, for purposes of this analysis, the Court assumes that Plaintiff received a final agency decision in writing.

Accepting any of these versions of the facts concerning the timing of Plaintiff's claim filing, the Court finds that Plaintiff has not met both provisions of the § 2401(b) statute of limitations. As such, this Court lacks jurisdiction over this time-barred action.

   a. **Administrative Claim filed in 2015 or 2018**

If the Court accepts that Plaintiff filed his tort claim with the appropriate agency in either 2015 or 2018, and he received a final agency decision before he filed his substantially equivalent case in this Court in 2021, then this 2025-filed case was commenced more than six months after Plaintiff's receipt of the final agency decision. Accordingly, the statute of limitations provision in § 2401(b) has not been met and the Court lacks jurisdiction over this matter. *See Lehman v. United States*, 154 F.3d 1010, 1015 (9th Cir. 1998) (affirming dismissal of FTCA action as time-barred when plaintiff filed it "well beyond the six months" allowed in § 2401(b)).

   b. **Administrative Claim filed in 2023**

On the other hand, if the Court accepts as true that Plaintiff filed his agency claim in September 2023, then this case was not initiated within two years after accrual of the claim.

Although Plaintiff states in his response to the Show Cause Order that the statute of limitations did not begin to run on his claim until April 19, 2023, the evidence in the record suggests otherwise. *See* ECF No. 6 at 4.  Plaintiff filed a substantially equivalent case, based on the same allegations of medical negligence causing ED, in June 2021.  *See Phillips v. U.S.*, No. 4:21-cv-00723-AGF (E.D. Mo. filed June 18, 2021).  The Court has no reason to believe that Plaintiff only became aware of this claim on April 19, 2023, when he had already filed a lawsuit about it two years prior.

Although the Court must liberally construe the allegations of a self-represented complaint, it does not have to accept unsupported legal conclusions.  *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (finding an action factually frivolous where the facts alleged are "clearly baseless"); *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level").  The Court does not accept Plaintiff's legal conclusion that his September 2023 filing was "timely."  Plaintiff's FTCA claim accrued before filing his 2021 case, so this 2025-filed case was not filed within two years of that accrual.  Therefore, regardless of whether Plaintiff filed his agency claim in 2015, 2018, or 2023, this FTCA case is time-barred under the § 2401(b) statute of limitations.[3]

---

[3] Furthermore, although not raised by Plaintiff in his response to the Show Cause Order, the Court finds Plaintiff's reference to *Ortiz v. U.S. ex rel. Evans Army Cmty. Hosp.* in his Complaint, unsupportive of his FTCA claim here.  In *Ortiz*, the Tenth Circuit Court affirmed a district court dismissal for lack of subject matter jurisdiction of a FTCA claim of negligence, based on complications during childbirth of an active-duty servicewoman.  786 F.3d at 818.  The Court relied on the Supreme Court's decision in *Feres v. U.S.*, 340 U.S. 135, 146 (1950), which found that military service members are barred from bringing claims against the government under the FTCA for injuries "incident" to their military service.  The Court cannot discern how this case would provide any support for Plaintiff's claim here.  Plaintiff states that the case is "comparable" because he was "also caused a disability through negligently administered medication."  ECF No. 1 at 7.  However, to the extent that Plaintiff is arguing that his ED was "incident" to his military service, the *Feres* doctrine would bar his claim.  *See also Beck v. U.S.*, 125 F.4th 887 (8th Cir. 2025) (affirming district court's dismissal for lack of subject matter jurisdiction, finding *Feres* precluded wrongful death claim of active servicemember).

**Conclusion**

Based on the allegations of Plaintiff's pleadings, defendant United States is protected by sovereign immunity from this FTCA suit, and even if it was not, Plaintiff filed this FTCA claim out of time.  For these reasons, the Court finds no basis for federal subject matter jurisdiction over this matter and therefore, must dismiss the case.  Fed. R. Civ. P. 12(h)(3); *see also 4:20 Commc'ns, Ins. v. Paradigm Co.*, 336 F.3d 775, 779 (8th Cir. 2003) (party invoking federal jurisdiction has burden to establish jurisdictional requirements); *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) (threshold requirement in every federal case is jurisdiction).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED as moot**.

A separate Order of Dismissal will be entered this same date.

Dated this 26th day of September, 2025.

_____
CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE