UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLINT PHILLIPS, III, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:25-cv-00483-CMS |
| UNITED STATES, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This closed matter is before the Court on three motions filed by self-represented Plaintiff Clint Phillips, III. ECF Nos. 12, 14, & 15. First, Plaintiff requests that this case be reopened because of issues with the delivery of his mail. ECF No. 12. Second, Plaintiff asks for the appointment of counsel in this matter. ECF No. 14. Third, Plaintiff requests "leave to answer out of time due to dismissal." ECF No. 15. For the reasons discussed below, all three motions will be denied.

The Court dismissed this matter under Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction on September 26, 2025, after issuing a Show Cause Order regarding the time-barred nature of Plaintiff's claims. ECF Nos. 5, 9-10. Plaintiff now seeks to reopen the case, alleging that his postal-delivery person, in conspiracy with the City where he resides, has been negligently denying and preventing the delivery of his mail. ECF No. 12. Plaintiff does not state that he failed to receive any documents from the Court or that the failure to receive any specific mail resulted in the dismissal of this case. Furthermore, the Court notes that at the time of dismissal of this matter, the Court was not awaiting any filings from Plaintiff.

Plaintiff provides no legal standard or rule under which he seeks reopening of this matter. Under Rule 59(e), a court may alter or amend a judgment upon a motion filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) gives the Court power to rectify its own mistakes in the period immediately following the entry of judgment. *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982). But Rule 59(e) motions are limited to correcting "manifest errors of law or fact or to present newly discovered evidence." *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoted cases omitted). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments that could have been presented prior to judgment. District courts have broad discretion in determining whether to grant a Rule 59(e) motion. *Id.*

In addition, Federal Rule of Civil Procedure 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

"Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoted case omitted). It is not intended to be a vehicle for seeking

reconsideration of merit arguments that were previously considered by the court. *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

Based on a review of Plaintiff's motion to reopen, the Court finds that there are no grounds for granting relief under either Rule 59(e) or 60(b). Plaintiff's motion fails to point to any mistake, newly discovered evidence, fraud, or other reason justifying reconsideration of the Court's judgment. There are no exceptional circumstances here that justify extraordinary relief. The Court declines to provide Plaintiff with relief from final judgment in this matter. Plaintiff's motion to reconsider the dismissal and reopen the case will be denied.[1]

Because the Court will not be reopening this case, Plaintiff will not need appointment of counsel or permission to file out of time. Therefore, these motions will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration [ECF No. 12] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel [ECF No. 14] is **DENIED as moot**.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Leave to File Out of Time [ECF No. 15] is **DENIED as moot**.

Dated this 21st day of January 2026.

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE

---

[1] The Court acknowledges that approximately six (6) weeks after filing his motion to reopen, Plaintiff filed an amended complaint in this matter. *See* ECF No. 13. Even though Plaintiff does not seek to reopen the case based on the contents of this amended pleading, the Court notes that the amended complaint does not cure the jurisdictional defects on which this case was dismissed.